**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sean MATSUNAGA, Defendant—
Appellant.**

**No. 03–10178.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Dec. 8, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Ronald G. Johnson, Esq., Wes R. Porter, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

H. Dean Steward, Esq., San Clemente, CA, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Sean Matsunaga, who was convicted of several offenses stemming from his participation in a bank robbery, appeals his convictions and sentence. We conclude that Matsunaga is entitled to a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), but we affirm in all other respects.

■ Matsunaga's venue arguments are without merit. His presumed prejudice claim fails because he did not introduce any evidence that he suffered "a barrage

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of inflammatory publicity immediately prior to trial." *Randolph v. People of California*, 380 F.3d 1133, 1142 (9th Cir.2004) (citation omitted). Nor can Matsunaga claim actual prejudice, because he has not identified anyone on the petit jury who exhibited any prejudice, and only a small "percentage of veniremen ... admit[ted] to a disqualifying prejudice." *Harris v. Pulley*, 885 F.2d 1354, 1364 (9th Cir.1988) (quotation marks and citation omitted).

■ Matsunaga's evidentiary challenges are also unavailing. The government expert's use of a demonstrative aid was permissible, especially given that the district court gave a limiting instruction and Matsunaga's counsel had an opportunity for cross-examination. *See United States v. Cox*, 633 F.2d 871, 874 (9th Cir. 1980). The district court also properly admitted the flash suppressor. The suppressor was relevant to the government's case, particularly the charge that Matsunaga carried an assault weapon during the robbery. *See, e.g., United States v. Browne*, 829 F.2d 760, 766 (9th Cir.1987) (no abuse of discretion in the admission of a gun where "key prosecution witnesses linked the gun in question to the robbery"). Nor did any unfair prejudice result from the introduction of the suppressor. "While the admission of a firearm is improper where the firearm does not relate to any charges against the defendant," that is demonstrably not the case here. *United States v. Tarazon*, 989 F.2d 1045, 1053 (9th Cir.1993).

■ Matsunaga raises two sentencing objections. He appeals the enhancement of his sentence for two victims' injuries, *see* U.S.S.G. § 2B3.1(b)(3)(A),[1] claiming that the robbers agreed not to hurt anyone

and, thus, the victims' injuries were not foreseeable. But Matsunaga ignores the Guidelines' clear statement that if "two defendants agree to commit a robbery and, during the course of that robbery, the first defendant assaults and injures a victim," then "[t]he second defendant is accountable for the assault and injury to the victim ... *even if the second defendant had not agreed to the assault and had cautioned the first defendant to be careful not to hurt anyone."* U.S.S.G. § 1B1.3, app. n.2 (emphasis added); *see also United States v. Luna*, 21 F.3d 874, 884 (9th Cir.1994). The district court properly found these victims' injuries to be reasonably foreseeable.

■ Nor did the district court err by increasing Matsunaga's sentence for a co-conspirator's carjacking. *See* U.S.S.G. § 2B3.1(b)(5). The court found that the robbers left one of their co-conspirators behind when they escaped. The court further found it to be reasonably foreseeable that this co-conspirator would seek another means of escape. These factual findings are not clearly erroneous, and the enhancement was properly given. *See United States v. Franklin*, 321 F.3d 1231, 1236 (9th Cir.2003) (district court's foreseeability findings reviewed for clear error).

The district court sentenced Matsunaga prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 749–50, 160 L.Ed.2d 621 (2005). In light of *Booker*, we remand this sentence to the district court "to answer the question whether [Matsunaga's] sentence would have been different had the court known that the Guidelines were advisory." *Ameline*, 409 F.3d at 1079.

---

1. All citations to the Federal Sentencing Guidelines refer to the version that became effective on November 1, 2002.

**CONVICTION AFFIRMED; SEN-TENCE REMANDED.**